UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
EDMUND OROK EDEM,

                       Plaintiff,

- against -

ETHIOPIAN AIRLINES ENTERPRISE,
ETHIOPIAN INSURANCE CORPORATION,
ETHIOPIAN GOVERNMENT (FEDERAL
DEMOCRATIC REPUBLIC OF ETHIOPIA),
JOHN AND JANE DOES.

                       Defendants.
----------------------------------------------------------X

**MEMORANDUM & ORDER**

08 CV 2597 (RJD)(LB)

DEARIE, District Judge.

By Memorandum & Order dated September 30, 2009, this Court dismissed all of plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure except for his claim for lost baggage against Ethiopian Airlines Enterprise ("EAE") under Article 17(2) of the Convention for the Unification of Certain Rules for International Carriage by Air, done at Montreal on 28 May 1999 (the "Montreal Convention" or the "Convention"). In addition, the Court limited EAE's liability to plaintiff on the lost baggage claim to 1,000 Special Drawing Rights under Article 22(2) of the Convention, or approximately $1,500.[1] (Mem. & Order 15.)

On May 17, 2010, EAE served a Federal Rules of Civil Procedure Rule 68 Offer of Judgment in the amount of 1,000 Special Drawing Rights, equal to $1,473.34 as of May 14,

---

[1] Article 22(2) of the Convention limits the monetary liability of a carrier for lost baggage to 1,000 Special Drawing Rights unless the passenger has either made a special declaration of interest in delivery at the time he checked his baggage or "proved that the damage resulted from an act or omission of the carrier, its servants or agents, done with intent to cause damage or recklessly and with knowledge that damage would probably result." In his amended complaint, plaintiff neither alleged that he made a special declaration nor that EAE intended to cause him damages, or acted recklessly with knowledge that he would be damaged, in connection with his claim for lost baggage. (Mem. & Order 12.)

2010. Plaintiff did not accept the Offer of Judgment, however, stating that the $1,473.34 plus costs would only satisfy his claim for his bag and that he "would continue with the litigation to collect more money for the following (a) [n]egligence and wilful misconduct (b) [d]elay and loss of income occasioned by the delay, lodging and transportation (c) [c]ost of flying from Ethiopia to Nigeria and back to Ethiopia to look for the baggage." (Dkt # 121, Acceptance of Offer of Judgment.)

EAE now moves pursuant to Rule 56 of the Federal Rules of Civil Procedure for the entry of judgment in favor of plaintiff and against EAE in the amount of 1,000 Special Drawing Rights and dismissal of any remaining claims related to the lost baggage for lack of subject matter jurisdiction. For purposes of the motion, EAE does not contest the loss of plaintiff's bag or its value. Plaintiff opposes the motion on the grounds that the Montreal Convention does not govern his lost baggage claim and that, even if the Convention does govern, EAE's liability is not capped under Article 22 because of EAE's willful misconduct. The parties' familiarity with the well-established summary judgment standard is assumed. See generally Fed.R.Civ.P. 56(c)(2); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986); Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Sledge v. Kooi, 564 F.3d 105, 108 (2d Cir.2009) (record to be construed in the light most favorable to the non-moving party, all reasonable inferences must be drawn in his favor, and all ambiguities resolved his way).

Plaintiff's opposition is an attempt to re-litigate the applicability of the Montreal Convention and its limitation on plaintiff's recovery, issues that have already been determined by this Court in the September 30, 2009 Memorandum & Order. There are no grounds for disturbing this Court's decision that the liability limit set forth in Article 22(2) of the Montreal

2

Convention caps plaintiff's potential recovery, and despite plaintiff's efforts to continue to press for recovery for delay, there are no grounds for revisiting this Court's determination that EAE was not responsible for the delay plaintiff allegedly experienced. (Mem. & Order 11-13.)

None of plaintiff's submissions to this Court has demonstrated a genuine issue of material fact as to willful misconduct on the part of EAE, nor can plaintiff create one by baldly asserting in opposition to the summary judgment motion that EAE intentionally refused to deliver his bag to him. Furthermore, because EAE concedes to the entry of judgment against it for the most that plaintiff could recover in this action, a justiciable case or controversy no longer exists. See Greif v. Wilson, Elser, Moskowitz, Edelman & Dicker LLP, 258 F. Supp. 2d 157, 159-60 (E.D.N.Y. 2003) (quoting Ambalu v. Rosenblatt, 194 F.R.D. 451, 452 (E.D.N.Y. 2000)).

Accordingly, judgment shall be entered against EAE in the amount of 1,000 Special Drawing Rights. The Amended Complaint is dismissed, and the Clerk of the Court is directed to close this case.

SO ORDERED.

Dated: Brooklyn, New York
       September 9, 2011

s/ Judge Raymond J. Dearie

RAYMOND J. DEARIE
United States District Judge

3